PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3263

WRITER'S DIRECT FACSIMILE
(212) 492-0263

WRITER'S DIRECT E-MAIL ADDRESS
gharper@paulweiss.com

1615 L STREET, NW
WASHINGTON, DC 20036-5694
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2536-9933
FACSIMILE (852) 2536-9622

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

May 2, 2007

**VIA HAND DELIVERY AND VIA FACSIMILE**

The Bank of New York
101 Barclay Street
New York, New York 10286
<u>Attention</u>: Corporate Trust Administrator

*Tyco International Group S.A ("Tyco") - Indentures dated as of June 9, 1998 and November 12, 2003*

Dear Sir/Madam:

        This firm represents an *ad hoc* committee of holders of, among other notes issued by Tyco International Group S.A. (the "Company"), (1) each of the six series of notes issued under an indenture dated June 9, 1998 between the Company and Bank of New York as Trustee (as supplemented, the "1998 Indenture"), and (2) the notes issued under an indenture dated November 12, 2003 between the Company and Bank of New York as Trustee (as supplemented, the "2003 Indenture," collectively with the 1998 Indenture, the "Indentures").

        I write concerning the Company's Offer to Purchase and Consent Solicitation Statement filed with the Securities and Exchange Commission dated April 27, 2007 (the "Solicitation Documents"), a copy of which I attach as Annex A. My clients are puzzled about the consistency of the transactions described in the Solicitation Documents with the terms of Article 8 of the 1998 Indenture and Article 10 of the 2003 Indenture.

Doc #:NY7:375946.5

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Bank of New York 2
<u>Attention</u>: Corporate Trust Administrator
May 2, 2007

   The Solicitation Documents seek consent to so-called "clarifying" amendments to the Indentures (the "Proposed Amendments") to permit, as part of the Company's plan to liquidate, the separation of the Company through three simultaneous transactions into three separate, publicly-traded companies (the "Proposed Separation Transaction"). *See* Solicitation Documents at pp. 9, 10. The Company has stated that it can proceed with the Proposed Separation Transaction without the consent of the Noteholders and that the Proposed Amendments are mere clarifications.

   The Solicitation Documents appear remiss in various ways concerning the import of the Proposed Separation Transaction for the Indentures. For now, however, we limit ourselves to a single question: Is it possible to harmonize the Proposed Separation Transaction with the controlling legal authority of *Sharon Steel Corp.* v. *The Chase Manhattan Bank, N.A.*, 691 F.2d 1039 (2d Cir. 1982), a copy of which I attach as Annex B. Based on the limited information available to us, we have difficulty detecting a difference between the Proposed Separation Transaction and the transaction that the Second Circuit ruled impermissible in *Sharon Steel*. We are also deeply troubled that the Solicitation Documents characterize the Proposed Amendments as mere "clarifications" without disclosure of *Sharon Steel*.

   Since your actions are essential to effect the Proposed Amendments, we earnestly solicit your explanation reconciling them with *Sharon Steel*. Please advise us of your view whether the Proposed Separation Transaction violates the Indentures.

   I reiterate that we believe that other issues under the Indentures may complicate the Proposed Separation Transaction, but because we see *Sharon Steel* as a central issue we ask first for your view on that matter. We would welcome the opportunity to discuss this issue with you. In the meanwhile, I must reserve all of my clients' rights in law, equity and otherwise.

   I look forward to hearing from you.

             Very truly yours,

             Gerard E. Harper

cc: Members of the Ad Hoc Committee
   Tyco International Group S.A. (Attn: General Counsel)
   Andrew N. Rosenberg
   Andrew G. Gordon

Doc #:NY7:375946.5